IRENE K. YESOWITCH (State Bar No. 111575)
GARY A. BARRERA (State Bar No. 244073)
**MECKLER BULGER TILSON MARICK & PEARSON LLP**
575 Market Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 593-9633 / Fax: (415) 644-0978
irene.yesowitch@mbtlaw.com
gary.barrera@mbtlaw.com

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, a New Hampshire corporation<br><br>Defendant. | CASE NO.:<br><br>**EVANSTON INSURANCE COMPANY'S COMPLAINT FOR:**<br><br>(1) **VIOLATIONS OF CA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**<br><br>(2) **DECLARATORY RELIEF;**<br><br>(3) **EQUITABLE CONTRIBUTION; AND JURY DEMAND** |

Plaintiff EVANSTON INSURANCE COMPANY (hereinafter referred to as "Plaintiff" or "EVANSTON") hereby pleads the following allegations on information and belief in support of its Complaint:

1. The present action seeks equitable contribution and a judicial declaration concerning the rights and obligations as amongst insurance carriers with regards to defense fees and costs incurred in the actions described herein as the Adame Action, Aguirre Action, Arredondo Action, Barrera Action and Carranza Action (collectively the "Underlying Actions").

///

18314_1

EVANSTON INSURANCE COMPANY'S COMPLAINT

## JURISDICTION

2. Plaintiff EVANSTON INSURANCE COMPANY is now, and at all relevant times was, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. EVANSTON is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant NORTH AMERICAN CAPACITY INSURANCE COMPANY (hereinafter referred to as "Defendant" or "NAC") is now, and at all relevant time was, a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in New Hampshire. Plaintiff is further informed and believes, and thereon alleges, that NAC is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

4. The amount in controversy exceeds $75,000, and represents fees and costs sought in connection with the defense and/or indemnification of the parties' mutual insured(s) with regard to the Underlying Actions.

5. This Court has diversity jurisdiction as Plaintiff EVANSTON is domiciled in Illinois and Defendant NAC is domiciled in New Hampshire.

## VENUE

6. Plaintiff is informed and believes, and thereon alleges, that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Actions are pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

**A.   The Evanston Policies**

7. Plaintiff EVANSTON issued three consecutive annual commercial

general liability insurance policies to Berry & Berry, Inc., Berry & Berry, Inc. dba Berry Construction, Madera Associates Properties and Madera Meadows Association, Berry-Toschi S-D-R, a California General Partnership, D.P. Berry, Inc., DMP, Inc., Sunset Joint Ventures, D.L. Berry Construction and Berry Leasing Company (hereinafter collectively referred to as "Berry & Berry".)  Policy numbered 02GLP10006175 was effective from 07/01/2002 to 07/01/2003; policy numbered 03GLP10006175 was effective from 07/01/2003 to 07/01/2004; and policy numbered 04GLP10006175 was effective from 07/01/2004 to 07/01/2005 ("the EVANSTON Policies").

8. The EVANSTON Policies each contain the following or similar language that provides, in relevant part:

> 1. Insuring Agreement.
>    a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.
>
> ****
>
> 16. "Property damage" means:
>    a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>    b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence"

that caused it.

\*\*\*\*

**B.   The NAC Policies**

9.   Plaintiff is informed and believes, and thereon alleges, that Defendant NAC also issued consecutive annual commercial general liability insurance policies to Berry & Berry.  Policy numbered BJG 0000168-00 was effective from 07/01/2000 to 07/01/2001 and policy numbered BJG 0000168-01 was effective from 07/01/2001 to 07/01/2002 ("the NAC Policies").

10.   Defendant NAC is in possession of its policies of insurance and knows the terms and contents thereof, to an equal or greater extent than Plaintiff. However, on information and belief, Plaintiff alleges that the NAC Policies contain the following or similar language that provides, in relevant part:

> 1.   Insuring Agreement.
> a.   **We** will pay those sums that an **insured** becomes legally obligated to pay as **damages** for **bodily injury** or **property damage** to which this insurance applies.  **We** will have the right and duty to defend any **suit** seeking those **damages**....**We** may at **our** discretion investigate any **occurrence** and settle any claim or **suit** that may result....
>
> \*\*\*\*
>
> 19.   Property damage means physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it.
>
> \*\*\*\*

11.   Plaintiff further alleges, on information and belief, that the NAC Policies also contain the following Self-Insured Retention Endorsement ("SIR

Endorsement") that provides, in relevant part:

**SELF-INSURED RETENTION (PER CLAIM)**

THIS ENDORSEMENT MODIFIES YOUR COVERAGE: THE SELF-INSURED RETENTION (RETAINED LIMIT) APPLIES TO EACH AND EVERY CLAIM MADE AGAINST YOU, REGARDLESS OF HOW MANY CLAIMS ARISE FROM A SINGLE OCCURRENCE OR ARE COMBINED IN A SINGLE SUIT, AND THE COMPANY HAS NO DUTY TO DEFEND YOU UNLESS AND UNTIL THE AMOUNT OF THE RETAINED LIMIT HAS BEEN EXHAUSTED BY PAYMENT OF SETTLEMENTS, JUDGMENTS, OR CLAIMS EXPENSE. (CLAIMS EXPENSES DO REDUCE THE RETAINED LIMIT.)

\*\*\*\*

(B)   THE "RETAINED LIMIT" FOR EACH AND EVERY CLAIM ARISING AS THE RESULT OF AN "OCCURRENCE", OR ADVERTISING OR PERSONAL INJURY OFFENSE OR MEDICAL PAYMENTS ACCIDENT FOR WHICH COVERAGE IS OTHERWISE PROVIDED UNDER THE POLICY SHALL BE:

$10,000.00

REGARDLESS OF THE NUMBER OF CLAIMS FROM A SINGLE OCCURRENCE, SUITS BROUGHT OR THE NUMBER OF CLAIMS INCORPORATED INTO ONE SUCH SUIT.

12.   Plaintiff further alleges, on information and belief, that Defendant's policies define the terms "claim" and "claims" as "a request or a demand received by any insured or the Company for money or services, including the service of suit or institution of arbitration proceedings against any insured."

C.   **The Underlying Actions**

1.   **The Adame Action**

13.   Plaintiff is informed and believes, and thereon alleges, that Berry & Berry was sued by owners of sixteen (16) single family homes located in Madera County, California in a lawsuit entitled *Richard Adame, et al. v. Berry & Berry Inc., et al.*, Madera County Superior Court Case No. MCV 058357 (hereinafter referred to as the "Adame Action"). Berry & Berry served as the developer, as well as the general contractor, for the homes at issue in the Adame Action.

14. Plaintiff is defending Berry & Berry in the Adame Action.

15. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry tendered its defense and request for indemnification with regard to the Adame Action to Defendant NAC as an insured under the NAC Policies.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tender with regard to the Adame Action.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC also has an obligation to defend and/or indemnify Berry & Berry with regard to the Adame Action, and has failed to pay its equitable share towards the defense fees and costs and/or indemnity incurred or to be incurred by EVANSTON on behalf of Berry & Berry.

### 2. The Aguirre Action

18. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry was sued by owners of one hundred seventy-two (172) single family homes located in Madera County, California in a lawsuit entitled *Victor Aguirre, et al. v. DMP Development Corporation, Inc., et al.*, Madera County Superior Court Case No. MCV 044525 (hereinafter referred to as the "Aguirre Action"). Berry & Berry served as the developer, as well as the general contractor, for the homes at issue in the Aguirre Action.

19. Plaintiff is defending Berry & Berry in the Aguirre Action.

20. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry tendered its defense and request for indemnification with regard to the Aguirre Action to Defendant NAC as an insured under the NAC Policies.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tender with regard to the Aguirre Action.

22. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC has an obligation to defend and/or indemnify Berry & Berry with regard to the Aguirre Action, and has failed to pay its equitable share towards the defense

fees and costs and/or indemnity incurred or to be incurred by EVANSTON on behalf of Berry & Berry.

### 3. The Arredondo Action

23. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry was sued by owners of eighty-three (83) single family homes located in Madera County, California in a lawsuit entitled *Henry & Martha Arredondo, et al. v. Berry & Berry, Inc., et al.*, Madera County Superior Court Case No. MCV 044586 (hereinafter referred to as the "Arredondo Action"). Berry & Berry served as the developer, as well as the general contractor, for the homes at issue in the Arredondo Action.

24. Plaintiff provided a defense to Berry & Berry in the Arredondo Action.

25. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry tendered its defense and request for indemnification with regard to the Arredondo Action to Defendant NAC as an insured under the NAC Policies.

26. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tender with regard to the Arredondo Action. Plaintiff is further informed and believes, and thereon alleges, that Defendant NAC contributed to indemnity payments applied towards settlement of the Arredondo Action.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC has an obligation to defend Berry & Berry with regard to the Arredondo Action, and has failed to pay its equitable share towards the defense fees and costs incurred by EVANSTON on behalf of Berry & Berry.

### 4. The Barrera Action

28. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry was sued by owners of sixty-three (63) single family homes located in Madera County, California in a lawsuit entitled *Jose & Olga Barrera, et al. v. Berry*

18314_1
- 7 -

*& Berry, Inc., et al.*, Madera County Superior Court Case No. MCV 051334 (hereinafter referred to as the "Barrera Action"). Berry & Berry served as the developer, as well as the general contractor, for the homes at issue in the Barrera Action.

29. Plaintiff is defending Berry & Berry in the Barrera Action.

30. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry tendered its defense and request for indemnification with regard to the Barrera Action to Defendant NAC as an insured under the NAC Policies.

31. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tender with regard to the Barrera Action. Plaintiff is further informed and believes, and thereon alleges, that Defendant NAC contributed to indemnity payments applied towards settlement of the Barrera Action.

32. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC has an obligation to defend and/or indemnify Berry & Berry with regard to the Barrera Action, and has failed to pay its equitable share towards the defense fees and costs incurred by EVANSTON on behalf of Berry & Berry.

### 5. The Carranza Action

33. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry was sued by owners of one hundred ten (110) single family homes located in Madera County, California in a lawsuit entitled *Blanca Carranza, et al. v. DMP Development Corp., et al.*, Madera County Superior Court Case No. MCV 053540 (hereinafter referred to as the "Carranza Action"). Berry & Berry served as the developer, as well as the general contractor, for the homes at issue in the Barrera Action.

34. Plaintiff is defending Berry & Berry in the Carranza Action.

35. Plaintiff is informed and believes, and thereon alleges, that Berry & Berry tendered its defense and request for indemnification with regard to the Carranza Action to Defendant NAC as an insured under the NAC Policies.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tender with regard to the Carranza Action.

37. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC has an obligation to defend and/or indemnify Berry & Berry with regard to the Carranza Action, and have failed to pay its equitable share towards the defense fees and costs and/or indemnity incurred or to be incurred by EVANSTON on behalf of Berry & Berry.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF CA BUSINESS & PROFESSIONS CODE
## § 17200, ET SEQ.

38. Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

39. Plaintiff is informed and believes, and thereon alleges, that Defendant NAC denied Berry & Berry's tenders of the Underlying Actions on the grounds that Berry & Berry has not satisfied the NAC Policies' $10,000.00 per claim Self-Insured Retention ("SIR"). Although Plaintiff advised Defendant NAC that it had satisfied the $10,000.00 SIR, NAC informed Plaintiff that a $10,000.00 SIR had to be satisfied for each of the homes at issue in each of the Underlying Actions before Defendant NAC would provide for Plaintiff's defense. For example, if there are 16 homes at issue in the Adame Action, Defendant NAC contends that the SIR is $160,000.00 (16 homes x $10,000.00).

40. Plaintiff has explained, both legally and factually, why Defendant NAC is required to provide a defense under the NAC Policies as well as participate and, if appropriate, effect a settlement of the claims in the Underlying Actions. This includes a discussion of the legal principles in which other courts have determined that Defendant NAC is required to provide a defense to its insureds that were precisely in the same situation as Plaintiff now filed itself in, including,

18314_1

- 9 -

without limitation, the published California Court of Appeals case of *Clarendon Ins. Co. v. NAC Ins. Co.* (2010) 186 Cal.App.4th 556. Defendant NAC has rejected Plaintiff's efforts and refused to reverse its denial of Plaintiff's tenders of the Underlying Actions.

41. California Business and Professions Code sections 17200 et seq. "The Unfair Competition Law" ("UCL") defines unfair competition to include any unlawful, unfair and/or deceptive business act or practice. The UCL authorizes any person to bring an action on behalf of themselves for relief under the statute. The UCL also provides that a court may enjoin acts of unfair competition.

42. Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant NAC has issued CGL policies to developers and general contractors whom NAC knows construct tract housing. Often, these tract housing developments contain in excess of one hundred (100) homes. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant NAC issued these policies with the further knowledge that the developers and general contractors with involvement in such tract housing developments desire, as their primary liability insurance objective, protection against class action and multiple plaintiff lawsuits arising out of multiple unit tract developments, and are willing to pay substantial premiums to protect against such lawsuits. Plaintiff is further informed and believes, and thereon alleges, that Defendant NAC also knew that it is common practice in California for multiple plaintiffs to join together in one lawsuit thereby combining common issues arising out of the construction of numerous homes in tract developments.

43. Plaintiff is further informed and believes, and thereon alleges, that whenever multiple plaintiff lawsuits are filed against Defendant NAC's insureds, in which such lawsuits involve a large amount of homes, Defendant NAC takes the coverage position set forth in paragraph 39 above; namely, that Defendant NAC will refuse to defend and indemnify the insured unless and until a per-home SIR is

satisfied.

44. Given the substantial number of homes typically involved in tract developments which are typically the subject of litigation in California, Defendant NAC's coverage position requires its insureds to spend substantial sums of money in the cost of the defense of litigation. As a result, Defendant NAC's coverage position renders the insureds' primary liability insurance objective useless, as there is effectively no coverage under the NAC Policies to prevent the very harm the insured purchased the policy to protect against in the first place.

45. Defendant NAC's coverage position offends public policy as it allows Defendant NAC to compete unfairly by receiving the substantial premiums from the consumer without having to incur the expense of providing the services of defense and/or indemnity when other insurance companies honor their obligations under similar circumstances and incur such expenses.

46. Defendant NAC's coverage position further offends public policy as it contravenes the California Court of Appeals' decision in *Clarendon Ins. Co. v. NAC Ins. Co.* (2010) 186 Cal.App.4th 556, wherein the California Court of Appeals rejected Defendant NAC's coverage position that the SIR be calculated on a per home basis.

47. Defendant NAC's coverage position is immoral, unethical, oppressive and unscrupulous in that it denies Defendant NAC's insureds the coverage that said insureds believe they paid substantial premiums to receive. Further, Defendant NAC's coverage position results in substantial injury to the insured consumer as the insured is then required to expend substantial sums of money in attorney's fees, expert fees, and court costs in defending complex lawsuits involving numerous parties. Finally, Defendant NAC's coverage position is an unfair business practice with no compelling justification or excuse.

48. Defendant NAC's denial of a defense to Berry & Berry in the Arredondo Action and Barrera Action, and then contributing to indemnity

payments towards settlement of both actions is also an unfair business practice because by contributing indemnity payments, Defendant NAC is expecting not to be sued by other insurers due to the high costs of litigation arising out of declaratory relief actions.

49.  Accordingly, Defendant NAC's coverage position that the SIR for the NAC Policies is to be applied on a per home basis is against California law and constitutes unlawful, unfair and fraudulent business practices within the meaning of section 17200 et seq. of the California Business and Professions Code.

50.  As a result of Defendant NAC's unlawful, unfair and fraudulent business practices, Plaintiff is entitled to injunctive relief preventing Defendant NAC from continuing to assert that the SIR must be satisfied for each home involved in each of the Underlying Actions.  In addition, Plaintiff is entitled to restitution of the insurance premiums paid under the NAC Policies.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF

51.  Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

52.  An actual, present and justiciable controversy has arisen and now exists between Plaintiff on the one hand and Defendant NAC on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

53.  In particular, Plaintiff contends, and is informed and believes, that Defendant NAC denies the following:

   a. Defendant NAC has and had a duty to defend and/or indemnify Berry & Berry against the claims, demands, actions, and causes of action asserted against Berry & Berry in the Underlying Actions;

   b. Defendant NAC has and had an equitable duty and responsibility to pay a

fair and proportionate share of costs of defense and/or indemnity incurred on behalf of Berry & Berry.

c. The costs of defending and/or indemnifying Berry & Berry have been and are being born disproportionately by Plaintiff; and

d. The costs associated with the defense and/or indemnification of Berry & Berry should be equitably apportioned among Plaintiff and Defendant NAC under contract, applicable law and equitable principles.

54. Plaintiff asserts and contends declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their obligations to pay for the defense and/or indemnification of Berry & Berry against the allegations made in the Underlying Actions.

## THIRD CAUSE OF ACTION
## EQUITABLE CONTRIBUTION

55. Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff has agreed to defend Berry & Berry against the claims asserted against it in the Underlying Actions, pursuant to the terms and conditions of the EVANSTON Policies, and subject to a full reservation of rights.

57. Plaintiff is informed and believes and thereon alleges that the policies issued by Defendant NAC provide liability insurance to Berry & Berry, designating Berry & Berry as a named insured or additional insured thereon.  Plaintiff is further informed and believes, and thereon alleges, that the allegations made, pleaded or otherwise asserted against Berry & Berry in the Underlying Actions, if true, set forth claims for damages potentially covered under the policies issued by NAC.

58. As such, Defendant NAC is obligated to participate in the defense and/or indemnification of Berry & Berry in the Underlying Actions by reason of its

underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under its policies.

59. Defendant NAC has to date failed to participate in the defense of Berry & Berry, and/or failed to contribute a full and equitable share toward Plaintiff's costs of defending and/or indemnifying Berry & Berry which have been incurred and which are being incurred in connection with the Underlying Actions.

60. By reason of the failure of Defendant NAC to discharge its obligations and equitably participate in the defense and/or indemnification of Berry & Berry, Plaintiff has incurred and/or paid, and will incur and/or pay, more costs than it would have, had Defendant NAC agreed to defend and/or contribute a full and equitable share to the defense and/or indemnity of Berry & Berry in performance of its due and owing obligations under its insurance policies.

61. The failure of Defendant NAC to discharge its obligations under its respective policies of insurance is wrongful and thus causing an inequitable result, in that Plaintiff is paying and had paid more than its equitable share of the costs of defending Berry & Berry in the Underlying Actions without the participation of Defendant in paying for such costs.

62. Because of the wrongful failure of Defendant NAC to discharge its obligations under its policies of insurance, Plaintiff is entitled to an award of equitable contribution, to reimburse it for costs equivalent to Defendant NAC's fair and equitable proportionate share of the total costs of defense and/or indemnification incurred in connection with the claims against Berry & Berry in the Underlying Actions, with interest thereon at the prescribed legal rate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment, as follows:

1. For a declaration of this Court that Defendant NAC had and has a duty to defend and/or indemnify Berry & Berry against the claims, demands, actions and

causes of action asserted against Berry & Berry in the Underlying Actions;

2.  For a declaration of this Court that Defendant NAC had and has an equitable duty and responsibility to pay a fair and proportionate share of the costs of defense and/or indemnification incurred on behalf of Berry & Berry;

3.  For a declaration of this Court that the costs associated with the defense and/or indemnification of Berry & Berry should be equitably apportioned between Plaintiff and Defendant NAC under applicable law and equitable principles.

4.  For general damages in an amount to be proven at trial;

5.  For prejudgment interest;

6.  For costs of suit herein; and

7.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff EVANSTON INSURANCE COMPANY hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: August 26, 2013

MECKLER BULGER TILSON
MARICK & PEARSON LLP

By: _____
IRENE K. YESOWITCH
GARY A. BARRERA
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY