IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, a New Hampshire corporation,<br><br>Defendant.<br>_____/ | 1:13-cv-01365-AWI-SAB<br><br>**ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>(Docs. 34, 42) |

**I. Introduction**

This action arises from a dispute regarding the scope of Defendant North American Capacity Insurance Company's ("NAC") responsibility to provide legal defense for Berry & Berry, Inc. ("Berry & Berry"), construction and development company mutually insured by Plaintiff Evanston Insurance Company ("Evanston") and NAC.

On July 8, 2014, this Court granted NAC's prior motion for partial summary judgment. Doc. 28. In that order, this Court held that the SIR applied on a per-home basis. Doc. 28 at 10. This Court did not decide whether the SIR was required to be satisfied as to all claims involved in a suit – regardless of whether those claims were covered by the policies – in order to trigger an obligation by NAC to defend. Similarly, this Court did not decide how much NAC would be required to contribute to defense costs if some, but not all, of the homes that make up the basis of

the suit are covered by NAC insurance policies. The Court must answer the first of those questions.

Evanston contends that NAC had a joint responsibility with Evanston to defend Berry & Berry against four suits arising from matters within the scope of the liability policies for which a Self-Insured Retention ("SIR") was met. In each of the suits, NAC insured some, but not all, of the homes that are the subject of the suit. Evanston contends it is entitled to contribution from NAC for half of the amount that it expended in defending Berry & Berry in those suits. NAC opposes that motion and seeks summary judgment in its favor, contending that no duty to defend was triggered because the SIR was not met as to all of the homes involved in each suit – despite the fact that not all of the homes were actually covered by the policy. For the following reasons, the Court will order limited supplemental briefing.

**II. Background**

For a more complete recitation of the facts of this case *see* Doc. 28.

NAC issued two consecutive commercial general liability policies to Berry & Berry. Joint Statement of Undisputed Facts, Doc 37 ("JSUF") at ¶¶1-2. Those policies collectively covered the period from July 1, 2000 to July 1, 2002. JSUF at ¶¶1-2. Those policies apply to any homes completed during the policy period. Once an initial $10,000.00 per home SIR is met (Joint Compendium of Exhibits, Doc. 38 ("JCE"), Ex. 3-4 at 1), NAC is obliged to "pay those sums that [Berry & Berry] becomes legally obligated to pay as damages for bodily injury or property damage to which th[e] insurance applies" (JCE, Ex. 1 at 23, Ex. 2 at 29). NAC has a duty to defend any suit covered by the policies once the $10,000.00 per home SIR is met by Berry & Berry's "payment of settlements, judgments, or claims expense." JCE, Ex. 3-4 at 1. NAC's insurance policies further provide that it has the "right and duty to defend any suit seeking [damages covered by the policy] unless [Berry & Berry] has another policy of insurance which obligates another insurer to provide a defense, in which case, [NAC's] duty to defend is excess." JCE, Ex. 1 at 23, Ex. 2 at 29.

2

In its role as insurer, Evanston defended Berry & Berry in four underlying suits in the California Superior Court, Madera County: *Adame, et al v. Berry & Berry Inc. et al.*, Case No. MCV 058357; *Aguirre, et al. v. DMP Development Corp., et al.*, Case No. MCV 044525; *Arredondo, et al. v. Berry & Berry, Inc., et al.*, Case No. MCV 044586; and *Barrera, et al. v. Berry & Berry, Inc., et al.*, Case No. MCV 051334 (collectively "Underlying Actions"). JSUF at 4. NAC has partially funded settlements in each of those actions. Specifically, it paid: $1,357.00 toward the settlement of the *Adame* action, involving 16 homes, one of which was completed during the NAC policy periods (JSUF at ¶8); $110,894.00 toward settlement of the *Aguirre* action, involving 134 homes, 29 of which were completed during the NAC policy periods (JSUF at ¶9); $112,945.00 toward settlement of the *Arredondo* action, involving 81 homes, 26 of which were completed during the NAC policy periods (JSUF at ¶10); and $13,094.95 toward the settlement of the *Barrera* action involving 60 homes, eight of which were completed during the NAC policy periods (JSUF at ¶11). The total defense fees and costs and indemnity payments incurred on behalf of Berry & Berry for the Underlying Actions are less than $160,000 in the *Adame* action (JSUF at ¶8), less than $1,340,000 in the *Aguirre* action (JSUF at ¶9), less than $810,000 in the *Arredondo* action (JSUF at ¶10), and less than $600,000 in the *Barrera* action (JSUF at ¶11).

### III. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex,* 477 U.S. at p. 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, *see Anderson,* 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir.1987). In order to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at p. 587 (citation omitted).

A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D.Cal.1985), *aff'd,* 810 F.2d 898, 902 (9th Cir.1987).

## IV. Discussion

Evanston seeks equitable contribution from NAC for the amount that Evanston paid toward defense of Berry & Berry, the building developer mutually insured by the parties. In order to succeed on a claim for equitable contribution, a co-insurer plaintiff must prove: 1) that the defendant had a legal obligation to "defend the same loss or claim" as the plaintiff, and 2) the plaintiff has paid more than its share of the loss or defended the action without participation by

the defendant. *Axis v. Surplus Ins. Co. v. Glencoe Ins. Ltd.*, 204 Cal.App.4th 1214, 1221 (Cal. Ct. App. 2012) (citations omitted). As will be described, Evanston has failed to make the requisite showing as to the first consideration; it has not shown that NAC owed a duty to defend. That determination is made based, in part on the language of the NAC policies.

As this Court's previous order noted, when interpreting language of a disputed contract, the Court must determine if any ambiguity exists by examining the "clear and explicit meanings" of the terms of the contract "as used in their 'ordinary and popular sense.'" Doc. 28 at 6 (quoting *In Re K F Dairies, Inc. & Affiliates*, 224 F.3d 922, 925 (9th Cir. 2000). A provision is ambiguous when it is subject to two or more reasonable constructions. Doc. 28 at 6.

> In the insurance context, California courts "generally resolve ambiguities in favor of coverage." *AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 822 (Cal.1990). Moreover, California courts generally interpret the coverage clauses of insurance policies broadly, to protect "the objectively reasonable expectations of the insured." *AIU,* 51 Cal.3d at 822*.* "Whether a contract provision is ambiguous is a question of law." *Meridian Project Systems,* 426 F.Supp.2d 1101, 1109 (E.D. Cal. 2006) (quoting *Centigram Argentina, S.A. v. Centigram Inc.*, 60 F.Supp.2d 1003, 1007 (N.D. Cal. 1999).

Doc. 28 at 5.

**A. Duty to Defend**

<u>i. NAC's duty to defend a suit is triggered when a SIR is satisfied as to any home covered by the NAC policies contained in that suit</u>

As a threshold matter, NAC's policies require it to 1) "pay those sums that [Berry & Berry] becomes legally obligated to pay as damages for … property damage to which [the policies] appl[y]," and (2) "defend any suit seeking those damages." JCE, Ex. 1 at 23, Ex. 2 at 29. However, NAC has "no duty to defend the insured against any suit seeking damages … to which [the policy] does not apply." JCE, Ex. 1 at 23, Ex. 2 at 29. Those policies are subject to a $10,000.00 per-home SIR.

Evanston contends that NAC is obliged under its policies to defend Berry & Berry in any action where the SIR is met as to the homes that the NAC policies cover, i.e., those claims that

5

NAC would be required to indemnify if Berry & Berry were held liable.[1] Evanston's position is that it is entitled to contribution from NAC in the amount of half of Evanston's contribution to the defense of suits that NAC and Evanston had a mutual duty to defend.

NAC responds that its duty to defend only arises when a SIR is met for all of the homes in each of the Underlying Actions; e.g., NAC is not responsible for indemnity of damages from the one house that its policy covered in the *Adame* action or the payment of defense costs in that action, unless a SIR of $10,000 is met as to all 16 homes involved in the action.[2] For that proposition, NAC directs the court to three portions of the SIR Endorsement:

> The self-insured retention (retained limit) applies to each and every claim made against you, regardless of how many claims arise from a single occurrence or are combined in a single suit, and the company has no duty to defend you unless and until the amount of the retained limit has been exhausted by payment of settlement, judgment, or claims expense. (claims expenses do reduce the retained limit.)
>
> ***
>
> The "retained limit" for each and every claim arising as the result of any "occurrence," or advertising or personal injury offence or medical payments for which coverage is otherwise provided under the policy shall be: [¶] $10,000 [¶] regardless of the number of claims from a single occurrence, suits brought or the number of claims incorporated into one such suit,
>
> ***
>
> For the purposes of this endorsement the term "claims expense" shall include all fees, costs, charges, and expenses generated by an attorney designated to represent the insured, and all other costs, charges, and expenses incurred in the investigation, adjustment, settlement, arbitration, defense or appeal of any claim to which this insurance otherwise applies….

Doc. 43 at 6-7 (quoting JCE, Ex. 3-4) (emphasis removed). Based on this quoted section (and the other insurer clause[3]), NAC contends that the "unambiguous language of the policy" requires

---

[1] Evanston has voiced its disagreement with this Court's June 8, 2014 ruling interpreting the SIR to apply on a per-home basis. Doc 35 at 5, n. 5. Evanston's continuing objection is noted.

[2] Additionally, NAC notes that its policy provides "coverage for all attorney's fees and costs incurred in the defense of all homes in the underlying suits" if the SIR for all of the homes involved in each of the suits is met – even those for which damages are not covered by the policy. Doc 43 at 7.

[3] The "other insurer clause" generally provides that if another insurer has an obligation to pay damages covered under the policy or defend an action covered by the policy that the policy issuer's insurance is excess over the other insurer. In this case, the other insurance clause is limited to NAC's duty to defend and reads as follows: "Our duty to defend is excess over and shall not contribute where the insured has any other insurance under which, but for the existence of the Policy, any other insurer is obligated to provide a defense." JCE, Ex. 1 at 23; *see* JCE, Ex. 2 at 29. The other insurer clause has no impact on whether the SIR applies to claims based on injuries not covered by the

that "the SIR appl[y] equally on a per-home basis to all homes incorporated into a single suit." Doc. 43 at 7. Taking the endorsement as a whole, NAC's interpretation is not a reasonable interpretation of the SIR Endorsement, much less the only reasonable interpretation, as the Court will now explain.

Section I(F) of the SIR Endorsements explains that payments of claim expenses by or on behalf of Berry & Berry count toward reduction of the SIR. JCE, Ex. 3 at 2, Ex. 4 at 2. Qualifying claims expenses "include all fees, costs, charges and expenses … to which this insurance otherwise applies." JCE, Ex. 3 at 3, Ex. 4 at 4. Similarly, Special Condition (C) of SIR Endorsement provides, among other things, that "only settlements for claims within the coverage terms and conditions of the policy shall reduce the retained limit." JCE, Ex. 3 at 3, Ex. 4 at 4. The only reasonable reading of the SIR endorsement is that the SIR cannot be reduced by any funds paid toward claims for which NAC would have no duty to indemnify if the insured were required to pay damages. In the face of this conclusion, NAC's argument that it has no duty to defend in a suit until a SIR is met for all homes in a suit is unavailing.[4] Because qualifying claims expenses are only those claims expenses related to claims that NAC would be required to indemnify, the insured could never meet a SIR for a home that NAC's policy did not otherwise cover, i.e., that NAC was not obliged to indemnify. Under NAC's reading, in a suit with some claims which are covered by the policy and some claims which are outside of the policy, NAC would never have to pay to defend the suit (because a SIR cannot be satisfied as to a claim which the NAC policy would not indemnify). The Court rejects that reading. A SIR cannot apply to a claim that NAC could never be required to indemnify.

The SIR endorsement draws no distinction between reduction of the SIR for purposes of indemnity and for purposes of defense of suit; before the SIR is met as to any claim, NAC is not obliged to defend a suit or indemnify the insured. *See Travelers Cas. and Sur. Co. v. American*

---

policy (i.e., claims related to houses sold outside the July 1, 2000 to July 1, 2002 policy range). NAC does not argue that the other insurance clause has any other impact on this litigation.

[4] NAC contends that its reading is consistent with this Court's previous order. The Court's prior determination that the SIR applies per-home (as opposed to per-suit or per-development) does not weigh on whether NAC can require a SIR to be satisfied as to a claim not covered by its policy before it will contribute to the defense of a suit.

*Intern. Surplus Lines Ins. Co.*, 465 F.Supp.2d 1005, 1021 (S.D. Cal. 2006) ("Until the SIR is satisfied, the insured is its own 'primary insurer' and the insurer has no duty to indemnify") (citation omitted). However, pursuant to California law, the "duty to defend is broader than the duty to indemnify…." *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 295 (1993). The terms of the NAC policies (although contingent upon satisfaction of a SIR) provide as much; NAC has the "duty to defend any suit seeking" damages that NAC would have to indemnify. JCE, Ex. 1 at 23. NAC is obliged to defend a suit in which the SIR is met for *any* claim that NAC would have to indemnify if liability were to be found.

The policies do not explicitly consider the situation presently before this Court, where some but not all of the claims incorporated in the Underlying Actions were covered by the NAC policies. However, the fact that the Underlying Actions are a mix of covered and uncovered claims does not alter the analysis. The language of both NAC policies provides that NAC "has a duty to defend any suit seeking [damages to which th[e] insurance applies]" but "no duty to defend the insured against any suit seeking damages … to which th[e] insurance does not apply." JCE Ex. 1 at 23, Ex. 2 at 29. Both parties agree (despite their disagreement over what triggers the duty to defend) that the duty to defend applies to each suit, not each claim. Doc. 35 at 5; Doc. 43 at 7. That agreement is consistent with the NAC policies because the Underlying Actions were, undisputedly, suits seeking (among other things) damages for property damages to which the NAC policy applied. That agreement is also consistent with California law which requires insurers in a mixed action[5] to defend the entire suit. *Seagate Technology LLC v. National Union Fire Ins. Co.*, 737 F.Supp.2d 1013, 1016-1017 (N.D. Cal. 2010) (quoting *Buss v. Superior Court*, 16 Cal.4th 35, 58 (1997)); *Gonzales v. Fire Ins. Ex.*, 234 Cal.App.4th 1220, 1231 (Cal. Ct. App. 2015) (citation omitted). Therefore, this Court holds, when the SIR is met as to a single claim to which the policy applies, an obligation arises for NAC to defend the entirety of the suit containing the covered claim.

---

[5] In the insurance context, a "mixed action" is a suit in which some of the claims are at least potentially covered and others are not. Assuming that a SIR is met for one claim but not another in a suit, NAC would be required to defend the entire suit but only to indemnify the insured for the former claim, not the latter.

ii. Evanston has not established that any SIR in any of the Underlying Actions was met

Having established the triggering event for NAC's duty to defend, the Court will now discuss whether Evanston has submitted evidence to establish its occurrence. Evanston must first establish that, in at least one claim in each suit, qualifying claims expenses met at least one SIR under one of the NAC policies. Using the *Adame* action – involving 16 homes, one of which was covered by the NAC policies – as an example, Evanston has not submitted specific proof of claims expenses related to the single home covered by the NAC policies. In the absence of such evidence, the Court must assume that the litigation expenses in each action were evenly attributable to all of the homes involved. As a result, the Court cannot conclude that the SIR was exhausted in the *Adame* action unless the total expenses (which would qualify to reduce the SIR if counted toward a covered claim) for the action exceeded $160,000.[6] In order to show that NAC had a duty to defend in each of the Underlying Actions, Evanston must show either (1) $10,000 in qualifying claims expenses directly attributable to any one of the claims covered by the NAC policies, or (2) that the total expenses related to the action (which would operate to reduce the SIR for a covered claim) exceed $10,000 per-home involved in the action – regardless of whether or not the home is covered by the NAC policies.

Evanston has not submitted any evidence to show that SIR was met as to any of the homes covered by the NAC policies in the underlying action.[7] Further, it is undisputed that, in each of the Underlying Actions the total amount of qualifying claims expenses was less $10,000 per-home involved in the action. As a result, Evanston has failed to show that NAC owed any

---

[6] For each of the Underlying Actions, Evanston must show either (1) $10,000 in qualifying claims expenses directly attributable to any one of the claims covered by the NAC policies, or (2) that the total expenses related to the action exceed $10,000 x [the total number of homes involved in that action]. Although the reasoning for this holding differs from NAC's argument, the practical operation is largely the same.

[7] Rather, Evanston has noted the number of homes that it believes are covered by the NAC policies, multiplied that number by $10,000, and pointed out that the total expenses exceed that amount. As discussed, expenses only reduce the SIR when they are incurred in relation to a claim for which NAC would have to provide indemnity. Simply because the total amount of expense incurred in relation to a mixed action exceeds the collective amount of the SIRs in that action does not lead to the conclusion that any one of the SIRs is met; there is no evidence that tends to indicate that any more than a proportional amount of the expenses were qualifying expenses.

1  duty to defend any of the underlying actions.[8] For that reason, Evanston's motion for summary
2  judgment cannot be granted.

### V. Order

4      Because neither of the parties' calculations fit within the Court's framework, the Court
5  cannot determine whether any one SIR has been met in any of the Underlying Actions (which
6  would trigger the duty to defend as to that entire action), and, if so, when each was met. The
7  parties are required to brief that limited issue, with regard to each of the Underlying Actions,
8  according to the following timeline: Evanston must submit any supplemental briefing, not to
9  exceed ten pages (not including any exhibits), by July 6, 2015; NAC must submit any responsive
10 briefing, not to exceed ten pages (not including any exhibits), no later than the earlier of (1) two
11 weeks after Evanston's submission or (2) July 13, 2015. Failure of Evanston to submit
12 supplemental briefing will result in summary judgment in favor of NAC.

14 IT IS SO ORDERED.

15 Dated:   June 10, 2015                         _____
                                                              SENIOR  DISTRICT  JUDGE

---

[8] Evanston draws the Court's attention to the undisputed fact that NAC paid toward settlement of all of the Underlying Cases. Because the NAC policies require satisfaction of a SIR before any duty to defend is triggered, and because there has been no evidence that the SIR was satisfied, NAC's decision to partially indemnify the insured does not weigh on NAC's duty to defend.

10