**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH AMERICAN CAPACITY<br>INSURANCE COMPANY,<br><br>    Defendant. | 1:13-cv-01365-AWI-SAB<br><br>**ORDER GRANTING NORTH AMERICAN CAPACITY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER DENYING EVANSTON INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 34, 42.) |

On October 30, 2014, Defendant North American Capacity Insurance Company ("NAC") and Evanston Insurance Company filed competing motions for summary judgment. This Court ordered supplemental briefing to determine whether a self-insured retention ("SIR") was met as to any of the claims in any of the four underlying actions, any of which would trigger a duty to defend the entirety of that underlying action. On July 6, 2015, Plaintiff Evanston Insurance Company ("Evanston") submitted supplemental briefing – in large part ignoring the specific issue that the Court ordered additional briefing on and instead seeking to relitigate issues already decided.[1] NAC filed its supplemental briefing on July 13, 2015. This matter is ready for adjudication.

As a preliminary matter, Evanston disagrees with the Court's characterization of "qualifying claims expenses." *See* Doc. 53 at 7, n.5. Evanston contends that by using an ellipses

---

[1] This Court will not address all of the arguments presented in Evanston's supplemental briefing as many have already been decided or are otherwise unhelpful to resolution of this matter.

in quoting from the "claims expenses" section of SIR Endorsement, the Court inaccurately interpreted that provision. *Id.* Although the Court agrees that the grammatical structure of the section in question is flawed, Evanston's proposed reading fares no better. It would, in fact, lead to an absurd result.

The section in question provides, in whole:

> For purposes of this endorsement, the term "claims expense" shall include all fees, costs, charges and expenses generated by an attorney designated to represent the insured, and all other costs, charges and expenses incurred in the investigation, adjustment, settlement, arbitration, defense or appeal of any claim to which this insurance otherwise applies.

Doc. 38-3 at 3. The Court's prior order truncated that section to read:

> Qualifying claims expenses "include all fees, costs, charges and expenses … to which this insurance otherwise applies."

Doc. 52 at 7. Evanston contends that the "to which this insurance otherwise applies" language applies only to the items beginning with "all other costs." If that were the case, this section could logically be broken into two separate sentences; namely: claims expense shall include (a) all fees, costs, charges and expenses generated by an attorney designated to represent the insured, and (b) all other costs, charges and expenses incurred in the investigation, adjustment, settlement, arbitration, defense or appeal of any claim to which this insurance applies. Such a construction would mean that any fee generated an attorney designated to represent the insured – regardless of whether it were covered by the policy or even related insured – would reduce the SIR. Such a reading is unreasonable. The reasonable reading is that the "to which this insurance otherwise applies" language shoots through to each of the matters for which claims expenses can be generated. The section should be read: claims expense shall include all fees generated by an attorney designated to represent the insured to which this insurance otherwise applies, all costs generated by an attorney designated to represent the insured to which this insurance otherwise applies, et cetera. Any other reading would expand "claims expenses" to include any fees generated by counsel for Berry & Berry in working on a non-Berry & Berry related case. The Court *again* rejects that construction.

1  Evanston's further briefing is based on the argument that a total of $10,000 in claims
2  expenses attributable to one suit – as opposed to one claim – triggers a duty to defend that suit.
3  *See* Doc 53 at 6 ("The fees and costs generated by the insured's defense counsel that qualify as
4  'claims expense' are not limited in any fashion.") This Court adequately explained its rejection
5  of that theory above and in its previous order. *See* Doc. 52 at 8. No part of Evanston's
6  supplemental briefing is responsive to the Court's specific inquiry – whether the SIR was met
7  with qualifying expenses as to any one home covered by the NAC policies in any of the
8  underlying actions. As a result, Evanston has not proven that: (1) the total amount of claims
9  expenses[2] any of the underlying actions averaged more than $10,000 per house involved that
10 action,[3] or that $10,000 in qualifying claims expenses was directly attributable to any one of the
11 claims covered by the NAC policies; Evanston has not proven that NAC had a duty to defend
12 any of the actions. *See* Doc. 52 at 9-10. NAC is entitled to summary judgment.

Based on the foregoing and the reasoning of this Court's prior order (Doc. 52), IT IS HEREBY ORDERED that:

1. NAC's motion for summary judgment (Doc. 42) is GRANTED.
2. Evanston's motion for summary judgment (Doc. 34) is DENIED.
3. The Clerk of the Court is respectfully directed to enter judgment in favor of NAC and close this case.

This Order terminates the action.

IT IS SO ORDERED.

Dated:   August 6, 2015                        _____
                                                SENIOR DISTRICT JUDGE

---

[2] As explained in the prior order, qualifying claims expenses can only be generated in relation to a claim that is otherwise covered by the NAC agreement. This Court's reference to total amount of claims expenses should be understood to mean all "fees, costs, charges and expenses generated by an attorney designated to represent the insured, and all other costs, charges and expenses incurred in the investigation, adjustment, settlement, arbitration, defense or appeal of any claim" in each of the underlying actions.

[3] Again, as explained in the prior order, a duty to defend attaches to an entire action, not a single claim. However, as with all mixed actions, a duty to defend would attach to any one underlying action, as a whole, if the SIR was met as to any one claim involved in that action.